UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JANICE WELCH, Administratrix** ) | CASE NO. _____ |
| **of the Estate of John A.** ) | |
| **Martello, Deceased** ) | |
| ) | |
| ) | |
| ) | |
| and ) | **HON.** _____ |
| ) | |
| **JANICE WELCH, Individually** ) | |
| ) | |
| ) | |
| ) | **COMPLAINT** |
| Plaintiffs ) | |
| ) | |
| -vs- ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| Defendant ) | |


Plaintiffs Janice Welch, Administratrix of the Estate of
John Martello, Deceased, and Janice Welch, individually,
allege:

**I. INTRODUCTION**

### A. SUMMARY OF ACTION

**1.** This is a civil action brought by the Plaintiffs

against Defendant United States of America ( the " United States " ) for personal injuries, the untimely death of plaintiff's decedent, John A. Martello, damages, interest, court costs and general relief under the Federal Tort Claims Act ( " FTCA " ), 28 U.S.C.A. sections 1346 (b), and 2671 to 2680. In this Complaint the Plaintiffs seek damages from Defendant United States, by and through its agency, U.S. Department of Veterans Affairs **( " VA " )**, arising from the failure of VA physicians and/or health care providers to examine plaintiff's decedent, to review the diagnostic records of plaintiff's decedent, to report, monitor, surveil, detect, transfer to a nearby hospital and/or timely repair the abdominal aortic aneurysm ( " AAA " ) of plaintiff's decedent, which ruptured and caused his death early on the morning of January 19, 2019.

## B. PARTIES

2. Plaintiff Janice Welch, Administratrix of the Estate of John A. Martello, Deceased, is the fiduciary of said estate and a citizen of the State of Ohio.

3. Plaintiff Janice Welch is the surviving spouse of John A. Martello and a citizen of the State of Ohio.

4. Defendant United States of America ( the " United States " ) may be served by delivering a copy of the

Summons and Complaint to the United States Attorney for the
Northern District of Ohio, at Suite 400, 801 West Superior
Avenue, Cleveland, Ohio, 44113; and by sending a copy of
the Summons and of the Plaintiffs' Original Complaint by
registered or certified mail to Attorney General William P.
Barr, Esq., of the United States Department of Justice, 950
Pennsylvania Avenue, N.W., Washington, D.C., 20530; and by
also sending a copy of the Summons and Plaintiffs' Original
Complaint by registered or certified mail to the officer or
agency whose action is attacked in this suit but who is not
made a party to this suit in accordance with F.R.C.P.
4(i)(1).

### C. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of
this civil action under the Federal Tort Claims Act ( "FTCA" )
pursuant to 28 U.S.C.A. sections 1346 (b), because this
action involves a claim by Plaintiffs against Defendant United
States for personal injury and death caused by the negligent
and/or wrongful acts and/or omissions of federal government
officers or employees while acting within the scope of their
offices and/or employment.

6. The venue of this action properly lies in the Northern
District of Ohio, Eastern Division, pursuant to 28 U.S.C.A.

section 1402 (b) because Plaintiffs reside in this judicial district, and pursuant to 29 U.S.C. section 1132 (e)(2), because the claims arose in this Judicial District.

Also, plaintiffs attach to this Complaint as Exhibit 1 and incorporate herein an Affidavit of Merit as required by Ohio law.

### D. CONDITIONS PRECEDENT

7. Plaintiffs, by and through their attorney, timely presented this claim in writing to the Defendant United States through the Department of Veterans' Affairs on or about April 25, 2019, in accordance with the FTCA, 28 U.S.C.A. sections 2401 (b), and 2675 (a). More than six (6) months' time have elapsed since presentation, and defendant United States has not accepted nor denied said claim.

plead\complaint.martellowelch

## II  FIRST CAUSE OF ACTION – WRONGFUL DEATH

11. Plaintiffs incorporate by reference all prior allegations contained in paragraphs 1-10 of this Complaint as if fully set forth here.

12. At all times relevant to this action, plaintiff's decedent, John A. Martello, was a patient and under the care and treatment of medical providers acting on behalf of, and within the course and scope of their employment by defendant

- 4 -

United States of America, and through its medical facilities located at Louis Stokes VA Medical Center, 10701 East Boulevard, Cleveland, Ohio, 44106. At all times relevant to this action, defendant United States of America ( " United States " ), by and through the actions and omissions of its employees, agents and personnel, violated its duty to provide John A. Martello competent, safe and acceptable care and treatment by 1) failing to add the AAA to his Problem List, Medical History or list of chronic conditions on his Electronic Medical Record ( " EMR " ), 2) failing to periodically monitor and measure the size of the AAA, a dynamic, progressive condition which becomes more dangerous the larger it gets, 3) failing to refer Mr. Martello to a vascular surgeon, who specializes in managing and treating AAAs, or to his primary care physician ( " PCP " ) and, 4) failing to review his previous diagnostic studies when he came to the VA hospital for treatment, 5) failing to establish an ultrasonographic surveillance system to track the growth of the AAA, 6) failing to detect and report the AAA while treating Mr. Martello for other medical conditions and 6) failing to order or perform timely surgical intervention which would have saved John's life.

**DECEMBER, 2011 – THE VA DISCOVERS THE AAA**

13. On or about December 2, 2011, plaintiff's decedent went to a chiropractor for evaluation of neck and back pain. The chiropractor reviewed x-rays of John's back and made a finding of an abdominal aortic aneurysm ( " AAA " ). The chiropractor referred John to his primary care physician, Susan M. Kirsch, M.D. ( " Dr. Kirsch " ), at Louis Stokes Cleveland VA Medical Center, a U.S. Department of Veterans Affairs hospital ( " the Medical Center ").

14. Dr. Kirsch ordered an ultrasound to rule out the AAA. The ultrasound was performed on December 6, 2011, at the Emergency Department of the Medical Center. Reviewing the results on December 14, 2011, Dr. Kirsch reported that the ultrasound showed a 4 cm. dilation of John's abdominal aorta. Dr. Kirsch discussed with John the need for him to reduce his smoking due to the aneurysm. However, Dr. Kirsch did not enter the AAA into John's Problem List or Medical History list in his Electronic Medical Record, nor did she establish an ultrasonographic surveillance system to track the growth of the AAA, which is known to be a dynamic condition. Also, Dr. Kirsch did not refer plaintiff's decedent to a vascular surgeon, a specialist in the area of AAAs. Dr. Kirsch's foregoing omissions to act violated the national and local standards of medical care, were negligent and constituted

medical malpractice against plaintiff's decedent, John A. Martello.

15. As a direct and proximate result of the acts or omissions of medical negligence set forth in paragraph 14 herein plaintiff Janice Welch suffered those losses and damages set forth in paragraph 16 herein.

16. Plaintiff's decedent, John A. Martello, was survived by his spouse, Janice Welch, who has been damaged by the wrongful death of John A. Martello, and has lost support from the reasonably expected earning capacity of the decedent, loss of prospective inheritance, loss of services of the decedent; loss of society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, and extreme mental anguish.

**NOVEMBER – DECEMBER, 2014 – THE AAA IS REDISCOVERED**

17. In September, 2014, John Martello fell and sustained left sided rib fractures. A CT scan of his chest done at the Medical Center on September 17, 2014, showed a mass in the left lower lobe of his lungs. At follow-up PET/CT scans done at the Medical Center by Vishala Reddy, M.D. ( Dr. Reddy ) in Radiology on 11-25-14 and by Whoon Kil, M.D. ( Dr. Kil ) in Radiation Oncology on 12-2-14 findings were made, in addition

- 7 -

to the cancerous lesion, of an aortic aneurysm with a maximum diameter of 5.8 cm prior to the bifurcation. Dr. Reddy recommended further evaluation if clinically appropriate. However, neither Dr. Reddy nor Dr. Kil entered the AAA into John's Problem List in his Electronic Medical Record, nor did either of them establish an ultrasonographic surveillance system to monitor the growth of the AAA, nor did either of them refer plaintiff's decedent to a vascular surgeon, a specialist in the area of AAAs, nor to his PCP to address the issue of the AAA and the possibility of timely surgical intervention.

18. The omissions of Dr. Reddy and Dr. Kil set forth in paragraph 17 above violated the national and local standards of acceptable medical care, were negligent and constituted medical malpractice against plaintiff's decedent, John A. Martello.

19. As a direct and proximate result of the negligence and medical malpractice of Dr. Reddy and Dr. Kim, surviving spouse Janice Welch suffered those injuries and damages set forth in paragraph 16 herein.

**12-8-14 – DECEDENT'S LUNG CANCER SURGERY**

20. Diane Whittlesey, M.D., Thoracic Surgeon, performed the left thoracotomy for the lung cancer of plaintiff's

- 8 -

decedent on December 8, 2014, at the Medical Center. On or about December 2, 2014, she performed a preoperative physical examination on and consultation with plaintiff's decedent, which included a CT-scan of Mr. Martello's chest, and found him to be a good candidate for a left lower lobectomy.

21.   Despite the existence of Dr. Reddy's and Dr. Kil's PET/CT studies, of which Dr. Whittlesey knew, the CT scan of the decedent's chest on December 2, 2014, which she ordered, her preoperative physical examination of and consultation with Mr. Martello, and her performance of the thoracotomy on December 8, 2014, Dr. Whittlesey did not enter any information about John's AAA into the patient's Problem List in his Electronic Medical Record, nor did she establish an ultrasonographic surveillance system to monitor the growth of the AAA. She also did not refer plaintiff's decedent to a vascular surgeon, nor to his PCP to address the issue of the AAA and the possibility of lifesaving surgical intervention, nor did she undertake to surgically repair the AAA herself.

22.   The omissions of Dr. Whittlesey set forth in paragraph 21 above constituted  violations of the national and local standards of acceptable medical care, were negligent and constituted medical malpractice against plaintiff's decedent, John A. Martello.

- 9 -

and medical malpractice of Dr. Whittlesey, plaintiff-administratrix Janice Welch suffered those injuries and damages set forth in paragraph 16 herein.

**SEPTEMBER 28, 2017- ESOPHAGOGASTRO DUODENOSCOPY**

24.  Linda C. Cummings, M.D., ( " Dr. Cummings " ) performed an Esophagogastro duodenoscopy ( " EGD " ) on John Martello on September 28, 2017, to address a diagnosis of upper gastrointestinal bleeding. At that time plaintiff's decedent was a non-obese individual ( Body Mass Index 24 ) with what would have been a 6 or 7 cm AAA.

25.  Prior to performing the EGD, Dr. Cummings did not review the diagnostic studies of December 6, 2011, November 25, 2014, and December 2, 2014, which showed the AAA.  Despite her performance of this invasive procedure, Dr. Cummings did not diagnose the AAA, did not enter the presence of the AAA into the Problem List or list of chronic conditions in John's Electronic Medical Record, nor did she establish an ultrasonographic surveillance system to monitor the growth of the AAA. She also did not refer plaintiff's decedent to a vascular surgeon, nor to his PCP to address the issue of the AAA and the possibility of lifesaving surgical intervention, nor did she undertake to surgically repair the AAA herself.

- 10 -

26. The omissions and missed diagnosis of Dr. Cummings set forth in paragraph 25 above constituted violations of the national and local standards of acceptable medical care, were negligent and constituted medical malpractice against plaintiff's decedent, John A. Martello.

27. As a direct and proximate result of the negligence and medical malpractice of Dr. Cummings, Janice Welch suffered those injuries and damages set forth in paragraph 16 herein.

**JANUARY 18 – 19, 2019 – THE NIGHT JOHN MARTELLO DIED**

28. On the afternoon of Friday, January 18, 2019, plaintiff's decedent, retired U.S. Marine John A. Martello (DOB: 7-8-47 ), had a lunch of fish at home in Cleveland, Ohio, about 2:00 p.m. Approximately one hour after his lunch, plaintiff's decedent developed diffuse abdominal pain. The pain became concentrated in the right lower quadrant of John's abdomen. The pain worsened, and John decided to go with his wife, plaintiff Janice Welch ( " plaintiff " ), to the Urgent Care Center at Louis Stokes VA Medical Center, 10701 East Boulevard, Cleveland, Ohio, 44106, where John had been seen for years. When John arrived at the Urgent Care Center a little after 9:00 p.m., his abdominal pain was 10 on a scale of 1-10. John was removed to Room 7, where he remained for hours. Although John's mother had died from a brain aneurysm,

the medical record indicates that John denied any known family history of aneurysm. Plaintiff Janice Welch heard plaintiff's decedent state to the person taking his medical history that his father had dropped over dead from unknown causes. Janice told the doctor that John thought it was bad fish, and that she thought it was appendicitis. Due to John's extreme abdominal pain Clifford M. Perez, M.D. recommended a chest x-ray and a kidney, ureter, bladder x-ray to rule out Free Air, a common complication of a perforated peptic ulcer, or other surgical emergency.

29. When John was initially seen at the Urgent Care Center on January 18, 2019, by Michael Eckstein, M.D., Dr. Eckstein thought that John was suffering from appendicitis. Orders were given for him to receive fluids, antibiotics, and pain medications for what was assumed to be septic shock from the appendicitis. Dr. Eckstein told Janice Welch that she could leave, as the needed appendectomy would not be performed until the following morning. However, upon being administered the fluids, antibiotics and pain medication John's blood pressure began to drop and he said he felt like he was on fire. Plaintiff Janice Welch explained to the doctor that John meant he felt like he was on fire. When asked by a nurse if he knew where he was, John replied " Hell ". When Ray K. Wong,

M.D. of General Surgery was consulted, he did not think John was suffering from appendicitis because of the presence of hypotension in his body.

It was about this time that Sharon David, a nurse practitioner in General Surgery who had done a preliminary exam of Mr. Martello that night, discovered a CT/PET scan of John's torso taken on November 25, 2014, which showed an AAA with a maximum diameter of 5.8 cm. After this discovery the diagnosis of appendicitis was changed to a ruptured AAA.

Sharon David, N.P., arrived at John's room and asked Janice Welch whether she knew John had an AAA. Janice replied " No ". Sharon then asked " Why wasn't it being treated ? " Janice responded " I don't know, you'd have to ask the VA ".

Suzanne Muyshondt, M.D. took over as John's attending physician about 12:00 a.m., and ordered a urinary catheter. When placement of the catheter did not produce a flow of liquid, Dr. Muyshondt asked for a chest x-ray, to see if the fluid being pumped into plaintiff's decedent was escaping into his chest cavity. Plaintiff Janice Welch, a medical coding analyst with over 11 years' experience at University Hospitals in Cleveland, was present and felt that this meant John's kidneys had failed. As VA medical care providers were positioning him up in the bed for an abdominal x-ray, John

looked like he was suspended from the ceiling, with a horrible look on his face. A nurse or doctor who was present asked " What's with the look on his face ? " His blood pressure dropped to the 70s/40s. Janice knew that she had witnessed the moment that her husband's abdominal aortic aneurysm ( " AAA " ) had ruptured.

Despite the fact that the rupture of John's aneurysm seemed to have been precipitated by the unnecessary administration of fluids, antibiotics, and pain medications, The VA's medical care providers, still suspecting an infected appendix as the cause, administered IV antibiotics and performed large volume resuscitation to address the abdominal symptoms of plaintiff's decedent. His condition worsened.

30. The VA's medical care providers made repeated attempts to save plaintiff's decedent life after the AAA ruptured ( placement of arterial line, CPR, placement of right internal jugular line, Levphed drops given, infusion of 1 unit of packed red blood cells ( " PRBCs " ), intubation of the patient ). John Martello exhibited signs of pulseless electrical activity multiple times in his wife's presence before being transferred to University Hospitals. Advanced cardiac life support was administered, including chest compressions, administration of adrenalin, and intubation of

- 14 -

the patient. Spontaneous circulation returned on two or three occasions. Janice Welch was asked by hospital personnel to sign papers for John's transfer to nearby University Hospitals. After Janice asked John his wishes and John replied that he wanted to be transferred to try and save his life, Janice signed the papers. The VA's medical record acknowledges that Janice seemed to appreciate the gravity of the situation. John was transferred to University Hospitals by ambulance. Janice followed in her auto but got lost on the way. After finally getting to University Hospitals, Janice took the map she was given and searched the halls of University Hospitals for her husband, hoping that they could save him. After a further wait, two University Hospitals doctors told her in a waiting area that John didn't make it.  John A. Martello was pronounced dead on January 19, 2019, at 3:34 a.m.

31.   Clifford M. Perez, M.D., Michael Eckstein, M.D., Suzanne Muyshondt, M.D., and others of the VA medical staff at the Medical Center identified in paragraphs 28 to 30 herein missed the diagnosis of plaintiff's decedent's AAA on the night of January 18 - 19, 2019. By the time the Medical Center brought in a vascular specialist it was too late to save plaintiff's decedent. The actions and/or omissions of those persons described in paragraphs 28 through 31 herein

constituted violations of the national and local standards of acceptable medical care, were negligent and constituted medical malpractice against plaintiff's decedent, John A. Martello.

32. As a direct and proximate result of the medical malpractice recited in paragraphs 28 through 31, Janice Welch suffered those injuries and damages set forth in paragraph 16 herein.

### III. SECOND CAUSE OF ACTION – SURVIVAL ACTION – MALPRACTICE

33. Plaintiff-administratrix Janice Welch incorporates by reference all allegations contained in paragraphs 1 through 32 herein.

34. As a direct and proximate result of the aforesaid negligence and malpractice of the United States, as set forth in paragraphs 1 through 32 herein, plaintiff's decedent, John A. Martello, suffered serious and fatal injuries, extreme shock, extreme mental anguish, fear and pain and suffering, and ultimately his death.

### IV. THIRD CAUSE OF ACTION – ORDINARY NEGLIGENCE –
( SURVIVAL ACTION )

35. Plaintiff-Administratrix Janice Welch incorporates by reference all allegations contained in paragraphs 1 through 34 herein.

36. The United States owed a nondelegable duty to John A.

Martello to hire, train, and supervise employees in its clinics, pharmacies and hospitals so that such employees deliver care and services to veterans of the country in a safe and beneficial manner in order to meet their basic medical and healthcare needs.

37. The United States was under a duty to exercise ordinary care and to render care and services as a reasonably prudent and similarly situated healthcare provider would render; however the United States breached its duty of care to John A. Martello by 1) failing to hire, train and supervise its officers, agents and/or employees so that they would deliver healthcare and services to plaintiff's decedent in a safe and beneficial manner, 2) by letting John wait for hours before undertaking to transfer him to a nearby facility which had the equipment and staff for the needed endograph replacement procedure, and 3) by failing to have the appropriate equipment and staff on hand at Louis Stokes VA Medical Center to emergently treat a ruptured AAA,

38. A reasonably prudent healthcare provider operating under the same or similar conditions would not have failed to provide the ordinary care as set forth above in paragraph 37 of this Complaint, and would have foreseen that the failure to provide this care would result in devastating injuries and

ultimately the death of John A. Martello. Each of the aforesaid acts or omissions of ordinary negligence on the part of the United States was a proximate cause of John Martello's injuries and death, and were foreseeable to the United States, which is liable for all damages caused by such acts of ordinary negligence as provided by 28 U.S.C.A. section 2674 of the Federal Tort Claims Act and other applicable laws.

39. As a direct and proximate result of the negligence of the United States, as set forth in paragraph 37 herein, John A. Martello suffered fatal injuries, extreme fear and shock, extreme mental anguish, pain and suffering, and ultimately his death 13 or 14 years before his life expectancy.

**V. FOURTH CAUSE OF ACTION - ORDINARY NEGLIGENCE**
  ( WRONGFUL DEATH )

40. Plaintiff Janice Welch incorporates by reference herein the allegations contained in paragraphs 1 through 39 herein.

41. As a direct and proximate result of the ordinary negligence of the United States, as set forth in paragraph 37 herein, plaintiff Janice Welch suffered the losses and damages alleged in paragraph 16 herein.

## VI. FIFTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 39 herein.

41. As a direct and proximate result of the negligence of the United States, as alleged herein, plaintiff Janice Welch, as surviving spouse of John A. Martello, Deceased, states that she was in the presence of her husband when his AAA ruptured, causing him to look like he was suspended from the ceiling with a terrible look on his face. Janice witnessed the futile attempts of defendant's medical care providers to save her husband's life for at least an hour. After consulting with her husband, who told her he wanted to try and save his life, Janice Welch was called upon to sign papers authorizing the decedent's emergency transfer to University Hospitals (" UH ") for life-saving surgery. Janice got lost trying to follow the ambulance to University Hospitals, and was devastated when the doctors from UH informed her that John did not make it.

42. In February, 2019, Risk Manager Paul DePompei at the Medical Center called plaintiff Janice Welch to come in so the Medical Center's Chief Medical Officer, Brian Cmolik, M.D., and himself could discuss John's medical treatment with her. On March 11, 2019, they met with Janice and the brother of plaintiff's decedent, expressed their condolences, and

accepted responsibility for John Martello's tragic death on behalf of the VA.

The Risk Manager explained that the VA's medical personnel had on multiple occasions overlooked the fact that the VA first learned that John Martello had an AAA in December, 2011, and that proper followup had not been done. As a direct and proximate result of this disclosure plaintiff Janice Welch suffered extreme mental anguish, pain and suffering because she didn't previously know her husband had had an AAA for over seven ( 7 ) years. She now realized that her husband's untimely death was preventable.

43. As a further direct and proximate result of the aforesaid negligence of the United States, plaintiff Janice Welch was permanently grief-stricken, missed work from on or about January 18, 2019, to on or about April 1, 2019, has been in psychiatric and/or psychological treatment at UH since February, 2019, and she will continue to need such treatment into the future. Also, on or about March 6, 2019, Janice took herself to MetroHealth Medical Center in Cleveland, Ohio, for what she thought was a heart attack.

44. As a further direct and proximate result of defendant's negligence, plaintiff Janice Welch has incurred medical bills for the aforesaid treatment and lost wages, and

she will continue to do so in the future. The exact amount of such damages will be provided upon ascertainment of same.

Accordingly, Janice Welch makes the following claims for damages on behalf of herself as John Martello's surviving spouse and heir of his Estate:

(a) For the mental pain, shock, suffering and ongoing depression of plaintiff Janice Welch, as surviving spouse, as a result of witnessing the rupture of the AAA of plaintiff's decedent, John A. Martello, the unsuccessful attempts to save him, and then realizing that her husband's death was preventable;

(b) For lost wages and medical bills, past and future.

**VII. ATTORNEY'S FEES AND COSTS**

45. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 44 herein.

46. Plaintiff Janice Welch, individually and as Administratrix of the Estate of John A. Martello, Deceased, has retained Mark D. McGraw to represent the plaintiff, decedent and the survivors in this action in accordance with 28 U.S.C.A. section 2678.

47. Plaintiff Janice Welch and the undersigned counsel request this Court award undersigned counsel 25% of the gross amount recovered in these causes of action, to be paid to the

undersigned attorney by the defendant and deducted from the award to the plaintiffs, plus an award of costs to be taxed against the defendant.

**WHEREFORE**, plaintiff Janice Welch, as Administratrix of the Estate of John A. Martello, as to her First Cause of Action prays for judgment against defendant United States for compensatory damages in the sum of Four Million Five Hundred Thousand Dollars ( $4,500,000.00 ), attorney's fees, interest, court costs, and all other relief this Honorable Court deems appropriate; as to her Second Cause of Action plaintiff-Administratrix Janice Welch prays for damages against defendant United States for compensatory damages in the sum of Five Hundred Thousand Dollars ( $500,000.00 ), attorney fees, interest, costs, and all other relief this Court deems appropriate; as to her Third Cause of Action plaintiff Janice Welch prays for judgment against defendant United States for compensatory damages in the sum of Five Hundred Thousand Dollars ( $500,000.00 ), attorney's fees, interest, court costs, and all other relief this Court deems appropriate; as to her Fourth Cause of Action plaintiff Janice Welch prays for judgment against defendant United States for compensatory damages in the sum of Four Million Five Hundred Thousand Dollars ( $4,500,000.00 ), attorney's fees, interest and court

costs, and all other relief this Court deems appropriate; and as to her Fifth Cause of Action plaintiff Janice Welch prays for judgment against the United States for compensatory damages in the sum of Two Million Dollars ($2,000,000.00 ), attorney's fees, interest, court costs and all other relief this Court deems appropriate.

Respectfully submitted,


_/s/Mark D. McGraw_____
MARK D. McGRAW  (0025119)
Attorney for Plaintiffs
Suite 800
820 West Superior Avenue
Cleveland, Ohio  44113-1807
Phone:  (216) 566-8780
FAX: (216) 566-8769
mmcgrawlaw@sbcglobal.net