UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANICE WELCH, individually and as Administratrix of the Estate of John A. Martello, Deceased,  )<br>)<br>) | Case No. 1:20-cv-00065 |
| ) | Judge J. Philip Calabrese |
| Plaintiff,  )<br>) | Magistrate Judge<br>William H. Baughman, Jr. |
| v.  ) | |
| )<br>UNITED STATES OF AMERICA,  )<br>) | |
| Defendant.  )<br>) | |

**OPINION AND ORDER**

In this case in which Plaintiff alleges the United States has liability for the death of John Martello due to his care and treatment at the Louis Stokes VA Medical Center, Plaintiff seeks leave to file a fourth amended complaint. (ECF No. 28.) Previously, the Court set April 30, 2019 as the deadline for amendment of the pleadings.

As grounds for her motion, Plaintiff states that the operative complaint does not allege violation of the standard of care—omission of the cause of death, a ruptured abdominal aneurism, from the problem list in the health record of John Martello. Plaintiff does not point to good cause for amendment beyond the cut-off date to amend the pleadings, saying instead that in re-reviewing the voluminous medical records counsel recently identified a document he contends constitutes definitive proof that Defendant breached this standard of care. Accordingly, Plaintiff seeks leave to amend to add allegations based on that specific medical record.

Defendant opposes the motion. Among other things, the United States points out that the medical records on which Plaintiff bases her motion have been available since before the filing of the lawsuit. Further, Defendant raises concern about the impending discovery cut-off of February 1, 2021—a deadline extended from an earlier deadline.

Although Rule 15 directs courts to give leave to amend freely, Fed. R. Civ. P. (15)(a)(2), amendment after the deadline in a scheduling order requires good cause, Fed. R. Civ. P. 16(b); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). Primarily, good cause measures the moving party's diligence in attempting to meet the schedule. *Garza*, 972 F.3d at 879. Here, where the parties do not dispute that the records prompting the motion have long been available, the record comes up lacking on this score. Nor does Plaintiff offer other good cause for amendment at this late date.

Additionally, courts consider possible prejudice to the party opposing amendment. *Id.* The Court finds that after approximately eight months of discovery and on the threshold of the extended discovery cut-off date, further protracting these proceedings on the basis of information available long ago prejudices the United States. To be sure, the prejudice to which Defendant points does not, perhaps, amount to the most consequential unfairness in litigation. But the "longer the delay, the less prejudice the opposing party will be required to show." *Id.* at 880 (quoting *DuBuc v. Green Oak Township*, 312 F.3d 736, 752 (6th Cir. 2002)). Here, the Court finds that the prejudice from the potential for ongoing discovery and its concomitant

2

burdens on the parties, the need to respond to a new pleading, and further delay in the resolution of this dispute constitutes sufficient prejudice on the facts and circumstances presented to deny the motion. In this regard, the Court also notes that Plaintiff has already amended three times. This is not a case where there has not been an opportunity to cure any deficiencies in the pleadings. At some point, however, the schedule must hold and the pleadings are closed. This case passed that point some time ago.

For the foregoing reasons, the Court determines that there is not good cause for amendment of the complaint and **DENIES** Plaintiff's motion for leave to file a fourth amended complaint (ECF No. 28).

**SO ORDERED.**

Dated: January 6, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio