**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JANICE WELCH, *individually and as Administratrix of the Estate of John A. Martello, Deceased*, | CASE NO. 1:20-CV- 00065 |
| | JUDGE DAVID A. RUIZ |
| Plaintiff, | |
| v. | |
| | **MEMORANDUM OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**I. Introduction**

This matter is before the Court on the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (R&R) (R. 134). Plaintiff Janice Welch filed a Complaint (R. 1) on January 13, 2020, alleging medical malpractice by the staff of the Louis Stokes Department of Veterans Affairs Medical Center (VA) in Cleveland. She sues as the administratrix of the estate of her late husband, John A. Martello, who passed away on January 19, 2019, when an abdominal aortic aneurysm ruptured. (R. 5 at 4-5). She moved for summary judgment on her claim. (R. 88). Magistrate Judge Baughman's R&R, issued on July 11, 2022, recommends the Court DENY that motion. (R. 134).

"Within 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."

Fed. R. Civ. P 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). The Plaintiff has timely filed an objection to the R&R (R. 142), to which the United States has replied (R. 152).

For the following reasons, the Court overrules Plaintiff's objections and ADOPTS the R&R.

## II. Standard of Review

The applicable standard of review of a magistrate judge's report and recommendation provides that when objections are made to such a report and recommendation, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## III. Review of Plaintiff's Objections

Magistrate Judge's R&R

After initially setting out the applicable substantive Ohio law concerning medical malpractice and the procedural federal law of summary judgment (R. 134 at 3-5),[1] the R&R discussed whether any dispute existed as to any material fact (*id*. at 6-10) and then reviewed whether Ms. Welch was entitled to judgment as a matter of law (*id*. at 6-13).

The R&R concluded first that, based on the submitted report of the defendant's medical expert, Dr. James H. Black, MD, DFSVS, FACS, genuine issues of material fact exist as to whether any alleged actions or inactions by VA medical staff violated any applicable standard of care and so proximately caused the death of Mr. Martello. (*Id*. at 6-10). Finally, the R&R found that, without

---

[1] The citations herein are to the document page number, not the ECF page number.

an expert medical opinion of her own, as is required by Ohio law, Plaintiff cannot prove, as a matter of law, what standard of care applies in this case; whether the medical staff here failed to provide that level of care; and, if so, whether that failure was the proximate cause of Mr. Martello's death. (*Id*. at 10-13).

The R&R summed up its reasoning by noting that medical malpractice cases, especially cases as complex as this one, "are bad candidates for summary judgment." (*Id*. at 13). It observed that in addition to the existence of genuine issues of material fact on key aspects of the Plaintiff's claim, such as the applicable standard of care and on causality, the ultimate resolution of such disputes will, necessarily, require expert testimony for the trier-of-fact to consider. (*Id*.).

Plaintiff's Objections to the R&R

Ms. Welch argues that while medical malpractice normally requires the testimony of a medical expert, an exception exists whereby it may be demonstrated by "external appearances and manifest conditions," observable by anyone and which may be testified to by lay witnesses, such that a course of conduct is shown that warrants the "inference of a want of care." (R. 142 at 2). In this regard, she asserts that three observable external facts establish an "inference of want of care" that constitutes an entitlement to summary judgment: (1) the failure to place Mr. Martello's abdominal aortic aneurysm condition on the hospital's problem list; (2) the failure to institute ultrasound surveillance; and (3) the failure to refer Mr. Martello to a vascular surgeon. (*Id*. at 13).

Analysis

The R&R explicitly addressed the Plaintiff's assertion that summary judgment here could be demonstrated by external conditions, observable by anyone, that may demonstrate a course of conduct warranting the "inference of a want of care." Specifically, the R&R notes that the facts alleged by the Plaintiff go well beyond where "the doctrine of *res ipso loquitor* might permit an

3

inference of negligence to be drawn." (R. 134 at 12).

To that end, the R&R distinguishes obvious, commonly understood situations such as leaving a surgical sponge inside a patient's abdominal cavity (*id*.) from the situation here where the defendant's expert report stated that a patient's problem list is not the tool actually relied upon for understanding a patient's medical history and further that the doctors who treated Mr. Martello were already well-aware of his abdominal aortic aneurysm from reviewing his medical record. (*Id*. at 8). Thus, the R&R found that a trier-of-fact will have to decide whether the absence of an item from Mr. Martello's "problem list" in this case warrants an inference of a want of care. (*Id*.)

Similarly, while Ms. Welch asserts that the VA committed an obvious error by not referring Mr. Martello to a vascular surgeon, the R&R notes that the defendant's experts maintain that it was Mr. Martello's own delay in getting to the emergency room that delayed surgery on the aneurysm. (*Id*. at 9). Likewise, the R&R cites the defendant's expert witness stating that Mr. Martello refused screenings such as ultrasound surveillance. (*Id*. at 9-10).

The R&R acknowledged that, as here, "Welch contests the conclusions the VA seeks to establish in its defense," but when viewing the evidence in the light most favorable to the defendant—as the non-moving party—the R&R properly found that there was sufficient evidence for a reasonable factfinder to find for the defense at this stage of the proceeding. (*Id*. at 10). Consequently, the R&R concluded at trial each side will present its evidence and it will be up to the trier-of-fact to decide. (*Id*.).

## IV. Conclusion

As detailed above, the Court has carefully reviewed the Report and Recommendation in light of the above-referenced standard of review and Plaintiff's Objections. The Court finds that there are material disputes regarding material facts precluding summary judgment for the

4

Plaintiff. The R&R correctly stated the law and properly applied it while adequately explaining its reasoning. Thus, for the reasons stated, the Plaintiff's Objections (R. 142) are overruled. Accordingly, the Magistrate Judge's Report and Recommendation is hereby ADOPTED (R. 134), and Plaintiff's Motion for Summary Judgment (R. 88) is DENIED.

     IT IS SO ORDERED.

                                                          s/ *David A. Ruiz*
                                                          David A. Ruiz
                                                          United States District Judge

Date: September 28, 2022